# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **JAHIM DESHAWN PHILLIPS,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| | **Case No. 2:13cv863** |
| **v.** | |
| **WESTGATE PARK CITY, et al.;** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Westgate Park City ("Westgate"); Central Florida Investments, Inc. ("CFI"); Lucero Nogueda; Elena Mendoza; April Nyman; and Jill Shroyer's (collectively, "Defendants") motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Jahim Deshawn Phillips ("Plaintiff") failed to file a response to Defendants' motion and the time for doing so has passed.   *See* DUCivR 7-1(d).[3]

---

[1] *See* docket no. 4.

[2] *See* docket no. 7.

[3] Plaintiff failed to respond, timely or otherwise, to Defendants' motion to dismiss. While the district court could grant the motion on that ground alone, *see* DUCivR 7-1(b)(3)(A) (providing twenty-eight days in which to respond to a rule 12(b) motion); *see also* DUCivr 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."), this court will address Defendants' motion and the sufficiency of Plaintiff's complaint on the merits.

The court has carefully reviewed the motion and memoranda submitted by Defendants, as well as Plaintiff's complaint. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Because Plaintiff is proceeding pro se, the court will liberally construe his pleadings and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). Thus, the court will make allowances for Plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citation omitted). That said, Plaintiff's pro se status does not discharge him from having to comply with the Federal Rules of Civil Procedure, nor will the court assume an advocacy role on Plaintiff's behalf. *See Pedersen v. Mountain View Hosp.*, No. 1:11-CV-16-CW, 2011 WL 7277319, at *1 (D. Utah Aug. 31, 2011).

## BACKGROUND

Plaintiff filed his complaint on October 2, 2013. The complaint incorporates five exhibits and consists of a total of thirteen documents and twenty-nine pages. The first two exhibits contain approximately one hundred single spaced paragraphs that are mostly unnumbered and in the form of a rambling and confusing narrative.

The complaint and its exhibits are difficult to understand. Plaintiff has not set forth clear and specific factual allegations against Defendants. However, based on an overall review of

2

Plaintiff's complaint and exhibits, the court has ascertained the following factual allegations: (1) Plaintiff was a housekeeping or custodial employee for Westgate and/or CFI; (2) female employees and/or supervisors engaged in "harassing incidents" against Plaintiff; (3) a female supervisor "shouted at [him] with the words 'you stay;'" (4) Plaintiff's work was "sabotaged" in that he would clean one area and then "trash would be thrown on the floor to make it look like [he] had not performed [his] job;" (5) Plaintiff complained about these incidents and "other harassing incidents," (6) Plaintiff was "retaliated against by being written up, suspended, and terminated;" and (7) Defendants violated the "Anti-Discrimination Policy" that all employees are required to sign.[4]

Plaintiff utilized the court's preprinted Title VII form complaint and in it he referred to attached "Exhibits" and "Answer Sheets."[5] Plaintiff identified his first exhibit as "Exhibit A-F" and titled it "Employment Discrimination Answer Sheet for the United States District Court of Utah" ("Answer Sheet").[6] The Answer Sheet states that Defendants discriminated against Plaintiff on the basis of his sex. Under the heading "Cause of Action" on the Answer Sheet, Plaintiff references multiple violations of statutes including "U.S.C. 1981" and the Uniform Commercial Code, as well as claims for common law constructive fraud and "ex post facto claims."[7]

---

[4] Docket no. 3, Exhibit 3.

[5] *Id.* at 2-4.

[6] *Id.*, Exhibit 1, at 1.

[7] *Id.*, Exhibit 1, at 2-3.

Plaintiff references several other causes of action throughout the complaint and exhibits. For instance, in the complaint, he refers to claims for age and gender discrimination, and that the following discriminatory acts form the basis of his suit: termination of employment, general harassment, and "other acts," which direct the reader to his Answer Sheet and "letters to westgate."[8]  The Answer Sheet purports to state a retaliation claim under Title VII.[9]  The court cannot locate the "letters to westgage" but assumes that the "RAHI Affidavit" is the "letters to westgate."  The "RAHI Affidavit" also discusses violations of the Uniform Commercial Code, claims for Copyright Infringement, claims for violations of federal consumer protection statutes (for which he allegedly filed a complaint with Federal Trade Commission), retaliation under Title VII, and violations of "Florida Statute 688.004, 688.009 and 542.335(1) pursuant to 542.18."[10]

## STANDARD OF REVIEW

Rule 12(b)(6) permits the court to dismiss an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When evaluating a rule 12(b)(6) motion, the court presumes that the well-pled facts in the plaintiff's complaint are true, and it draws reasonable inferences from those facts in the plaintiff's favor.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[8] *Id.* at 3.

[9] *Id.*, Exhibit 1, at 6

[10] *Id.*, Exhibit 2, at 4-6.

4

(2007). Plausibility "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009). To this end, a court should disregard conclusory allegations that lack supporting factual content. *See Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). With this standard in mind, the court turns to Defendants' motion and the sufficiency of Plaintiff's complaint.

## DISCUSSION

Defendants urge the court to dismiss the complaint without prejudice with regard to Westgate and CFI and dismiss it with prejudice as to Ms. Nogueda, Ms. Mendoza, Ms. Nyman, and Ms. Shroyer (collectively, "Individual Defendants"). Specifically, Defendants argue that Plaintiff has failed to set forth his claims and factual allegations as required by rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. In addition, Defendants assert that to the extent Plaintiff is seeking relief under Title VII, Plaintiff's claims against the Individual Defendants fail as a matter of law because personal capacity suits against individual supervisors are inappropriate under Title VII.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement" of the grounds upon which Plaintiff's claim is based, a short and plain statement that he is entitled to relief, and a demand for judgment. Fed. R. Civ. P. 8(a). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Thus, to survive a motion to dismiss, Plaintiff's complaint must include "a short and plain statement of the claim showing that [he] is

entitled to relief, in order to give [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations and citations omitted).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Tenth Circuit has stated that "[t]his contextual approach means comparing the pleading with the elements of the causes of action." *Id.* "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett*, 706 F.3d at 1236 (quoting *Iqbal*, 556 U.S. at 678).

Although Plaintiff's complaint is convoluted, the court presumes that he is, at a minimum, alleging a Title VII claim of employment discrimination and retaliation on the basis of sex. To set forth a prima facie case of discrimination, a plaintiff must ordinarily show that "(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination." *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quotations and citations omitted). "In a reverse gender discrimination case like this one, however, a plaintiff 'must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority.'" *Clark v. Cache Valley Elec. Co.*, No. 13-4119, 2014 WL 3685996, at *3

(10th Cir. July 25, 2014) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006)). To state a prima facie claim for retaliation under Title VII, Plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo*, 452 F.3d 1202 (footnote omitted).

As previously noted, Plaintiff's complaint is largely a convoluted narrative. The factual allegations as set forth above, do not provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The court cannot accurately ascertain which causes of action Plaintiff seeks to advance against which Defendants. Nor can the court decipher which Defendants purportedly committed the acts for which Plaintiff is seeking relief and tie them to his specific causes of action. Thus, Defendants are precluded from identifying which causes of actions have been asserted against each Defendant or the factual basis supporting each claim. As such, this court concludes that Plaintiff's complaint does not comply with rules 8(a) or 10(b). "[N]ot even the most attentive of readers could figure out who did what to whom" as Plaintiff has "scatter[ed] and conceal[ed] in a morass of irrelevancies the few allegations that [may] matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotations and citation omitted).

In addition, Plaintiff is seeking monetary relief against the Individual Defendants for "intentional discrimination" under Title VII in their individual capacities. However, it is well established that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). To the extent Plaintiff is

pursuing Title VII claims, or their state law equivalent under the Utah Antidiscrimination Act, those claims against the Individual Defendants in their personal capacities fail as a matter of law.

However, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1213, 1217 (10th Cir. 2007) (quotations and citation omitted). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

While Defendants urge the court to dismiss the complaint in its entirety (without prejudice as to Westgate and CFI and with prejudice as to the Individual Defendants), that is not in the interests of judicial economy. Therefore, out of an abundance of fairness to Plaintiff, this court concludes that he should be allowed an opportunity to amend his current complaint. That said, this court also recommends dismissal of Plaintiff's claims with prejudice against the Individual Defendants, in their individual capacities, for violations of Title VII and/or the Utah Antidiscrimination Act. Allowing Plaintiff to amend his complaint to allege individual claims under Title VII against them would be futile. *See id.*

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, this court concludes that Plaintiff's current complaint fails to state a claim upon which relief may be granted and should be dismissed. *See* Fed. R. Civ. P. 12(b)(6). Nevertheless, the court recommends that Plaintiff be permitted to file an amended complaint that complies with rules 8(a) and 10(b) against Westgate and/or CFI. The court further recommends that Plaintiff be precluded from filing an amended complaint against the Individual Defendants in their individual capacities for claims under Title VII or the Utah Antidiscrimination Act, as doing so would be futile. In summary, the court **RECOMMENDS** that Defendants' motion be **GRANTED IN PART** as to the Individual Defendants **AND DENIED IN PART** as to Westgate and CFI, as set forth above.

***************

Copies of this Report and Recommendation will be sent to the parties, who are hereby notified of their right to object. *See* 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection to this Report and Recommendation must be filed within fourteen (14) days after a party is served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 29th day of September, 2014.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

9